IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | | |
|---|---|---|
| Richard Kevin Stockton, | ) | |
| | ) | |
| Plaintiff, | ) | Civil Action No. 4:25-cv-09957-TMC |
| | ) | |
| vs. | ) | **ORDER** |
| | ) | |
| Fort Hill Natural Gas Co., | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

Plaintiff Richard Stockton, proceeding *pro se* and *in forma pauperis*, (ECF No. 20), filed this action against Defendant Fort Hill Natural Gas Company, (ECF Nos. 1, 1-2). In accordance with 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B) (D.S.C.), this matter was referred to a magistrate judge for all pretrial proceedings. Now before the court is the magistrate judge's report and recommendation ("Report"), recommending the court dismiss this action with prejudice and without issuance and service of process. (ECF No. 21). Plaintiff filed what has been docketed as objections to the Report, (ECF No. 23), and this matter is ripe for review.

**STANDARD OF REVIEW**

The recommendations set forth in the Report have no presumptive weight, and this court remains responsible for making a final determination in this matter. *Elijah v. Dunbar*, 66 F.4th 454, 459 (4th Cir. 2023) (citing *Mathews v. Weber*, 423 U.S. 261, 270-71 (1976)). The court is charged with making a *de novo* determination of those portions of the Report **to which a specific objection** is made, and the court may accept, reject, modify, in whole or in part, the recommendation of the magistrate judge or recommit the matter with instructions. 28 U.S.C. § 636(b)(1). Thus, "[t]o trigger de novo review, an objecting party 'must object to the finding or

recommendation on that issue with sufficient specificity so as reasonably to alert the district court of the true ground for the objection.'"  *Elijah*, 66 F.4th at 460 (quoting *United States v. Midgette*, 478 F.3d 616, 622 (4th Cir. 2007)).  However, the court need only review for clear error "those portions which are not objected to—including those portions to which only 'general and conclusory' objections have been made[.]" *Dunlap v. TM Trucking of the Carolinas, LLC*, 288 F. Supp. 3d 654, 662 (D.S.C. 2017); *see also Elijah*, 66 F.4th at 460 (noting that "[i]f a litigant objects only generally, the district court reviews the magistrate's recommendation for clear error only"). Furthermore, in the absence of specific objections to the Report, the court is not required to give any explanation for adopting the magistrate judge's recommendation.  *Greenspan v. Bros. Prop. Corp.*, 103 F. Supp. 3d 734, 737 (D.S.C. 2015) (citing *Camby v. Davis*, 718 F.2d 198, 199-200 (4th Cir. 1983)).

Additionally, since Plaintiff is proceeding *pro se*, this court is charged with construing his pleadings and filings liberally in order to allow for the development of a potentially meritorious case. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *Martin v. Duffy*, 858 F.3d 239, 245 (4th Cir. 2017) (noting that "when confronted with the objection of a *pro se* litigant, [the court] must also be mindful of [its] responsibility to construe *pro se* filings liberally"). Accordingly, "when reviewing *pro se* objections to a magistrate's recommendation, district courts must review *de novo* any articulated grounds to which the litigant appears to take issue." *Elijah*, 66 F.4th at 460-61. This does not mean, however, that the court can ignore a *pro se* party's failure to allege or prove facts that establish a claim currently cognizable in a federal district court.  *See Stratton v. Mecklenburg Cnty. Dep't of Soc. Servs.*, 521 Fed. App'x 278, 290 (4th Cir. 2013) (noting that "'district judges are not mind readers,' and the principle of liberal construction does not require them to 'conjure up questions never presented to them or to construct full-blown claims from

sentence fragments'" (quoting *Beaudett v. City of Hampton*, 775 F.2d 1274, 1277-78 (4th Cir. 1985))).

## DISCUSSION

Plaintiff initiated this action by filing a letter, alleging, among other things, that two individuals conspired together to install hidden cameras in his home and to use Defendant's instruments to invade his and his family's privacy. (ECF No. 1 at 4). He requested instructions from the Clerk of Court as to "the correct process for filing a lawsuit for $150 million dollars against Maria Vuckovic, Sue Matthews, Fort Hill Natural Gas Co. for the willful abetting in the destruction of his privacy and life." *Id*. The magistrate judge issued an order, instructing Plaintiff of the necessary steps to bring his case into proper form, including completing the provided "Complaint for Violation of Civil Rights (prisoner complaint)" form, naming specific defendants he intends to sue, and clearly stating "who did what to him when and facts supporting his claims against individual persons." (ECF No. 5).

In response, Plaintiff submitted two letters, neither of which addressed his allegations concerning Fort Hill Natural Gas Company, Vuckovic, and/or Matthews. (ECF Nos. 7, 10). The magistrate judge issued another order, giving Plaintiff a second chance to bring his case into proper form. (ECF No. 11). Thereafter, the court received a partially completed complaint form,[1] wherein Plaintiff names Fort Hill Natural Gas Company as the sole defendant, alleges its employee conspired with another individual to place hidden cameras and Defendant's instruments in his home, and contends he endured mental and financial damage to his "federally protect[ed] human

---

[1] As noted in the Report, Plaintiff's complaint is missing multiple pages.

3

right to be free from arbitrary interference [his] privacy[,] family[,] and home." (ECF No. 1-2 at 3-4). For relief, he seeks $150 million dollars. *Id*. at 4.[2]

The magistrate judge found this "action is subject to dismissal for failure to state a claim upon which relief can be granted and for frivolity." (ECF No. 21 at 2). Though Plaintiff filed what has been docketed as an objection to the Report, (ECF No. 23), as well as another letter, (ECF No. 25), in neither filing does he object, let alone mention, the magistrate judge's finding that his case is subject to dismissal for failure to state a claim.[3] Accordingly, since Plaintiff has not raised a specific objection to the Report, this court must only review the magistrate judge's recommendation for clear error. Having found none, the court adopts the magistrate judge's recommendation and dismisses this case with prejudice and without issuance and service of process.

---

[2] Plaintiff also sent two more letters, (ECF Nos. 13, 18); however, they do not mention the allegations against Defendant. (ECF No. 13). In the letter at ECF No. 18, Plaintiff asks the Clerk of Court to "send specific instructions, proper forms and guidance in order to bring recognition and lawsuits against the Greenville County Solicitors Office for the Flagrant criminal and lawsuit liable violations of my Federally Protected Rights by willfully denying my numerous requests for a fair and speedy 'open' public Transparent Court date with peers to face and confront 'all' cases and charges Greenville County has against me, and; the Greenville County Sheriffs Office for the Flagrant criminal and lawsuit liable violations against my Federally Protected Human Right Article 9." (ECF No. 18 at 1-2).

[3] While Plaintiff contends the court did not receive multiple letters of his that pertain to his claims, (ECF No. 25), he does not attempt to explain or proffer any additional information as to why his case is not subject to dismissal for failure to state a claim. Moreover, Plaintiff had been advised on two occasions that he must specify "who did what to him when and facts supporting his claims against individual persons" *in his complaint*, not in subsequent letters. (ECF Nos. 5, 11). Nevertheless, neither in the complaint nor in the multiple letters on file with the court did Plaintiff state a claim upon which relief may be granted against Defendant. Plaintiff largely utilizes this case as an opportunity to take issue with, among other things, the conduct of an Atlanta District Attorney as well as the Greenville County Solicitor's Office. As those individuals and/or entities are not named in the complaint in this action, the court expresses no opinion as to any allegations against them.

## CONCLUSION

The court **ADOPTS** the magistrate judge's recommendation in the Report, (ECF No. 21), and this action is hereby **DISMISSED with prejudice and without issuance and service of process**. In response to Plaintiff's request in his letter at ECF No. 18, in addition to a copy of this order, the Clerk's Office is directed to also mail Plaintiff a new complaint form as well as a 28 U.S.C. § 2241 form in the event he wishes to pursue the allegations against the individuals and/or entities *who were not named as defendants in the complaint*, (ECF No. 1-2), but were referenced in the multiple letters he filed with the court. The court renders no opinion as to the merits of those claims at this time.

**IT IS SO ORDERED.**

                                                s/Timothy M. Cain
                                                Chief United States District Judge

Anderson, South Carolina
November 19, 2025

## NOTICE OF RIGHT TO APPEAL

The parties are hereby notified of the right to appeal this order pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure.